E-Filed on: 10/9/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL A. HARPER, | No. C-07-04191 RMW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS; DISMISSING CASE |
| v. | |
| PATRICIA V. TRUMBULL, | **[Re Docket Nos. 7, 8, 9, 10, 11, 13, 14]** |
| Defendant. | |

On August 15, 2007, plaintiff initiated this action against the Honorable Patricia Trumbull, Magistrate Judge for the United States District Court, Northern District of California, seeking approximately $1.5 million in damages.[1] Plaintiff simultaneously filed an application to proceed *in forma pauperis*, which this court denied by order dated August 28, 2007. Finding that plaintiff's claim does not have the requisite merit to permit him to proceed *in forma pauperis*, court required the plaintiff to pay the required filing fee by October 1, 2007 or else the case would be dismissed. *See* Docket No. 5.

On August 30, 2007, plaintiff filed a motion to appoint counsel. *See* Docket No. 7. On September 6, plaintiff filed a document entitled "Request for admission." *See* Docket No. 8. On

---

[1] Plaintiff also appears to include an offer to settle for $1 million if payment is made to him within 30 days.

ORDER DENYING PLAINTIFF'S MOTIONS; DISMISSING CASE—C-07-04191 RMW
MAG

1  September 10, plaintiff filed a request to enlarge time to pay the filing fee from October 1, 2007 to
2  December 3, 2007.  *See* Docket No. 9.  On September 12, plaintiff filed a motion to relate the instant
3  action to three actions previously filed by him, Harper v. Wieking, No. C-06-06320-RMW, case Harper
4  v. Catterson, No. C-06-02587-SI, case Harper v. Wieking, No. C-04-04314-RMW.  *See* Docket No. 13.
5  On September 13, plaintiff filed a document entitled "Request for contingent fee" in which plaintiff
6  appears to be requesting a percentage of a purported "settlement" in those three previous cases, all three
7  of which were dismissed by the court with no settlement or award of attorney's fees.  *See* Docket No.
8  10.  On that same date, plaintiff also filed a document entitled "Notice of dismissal."  *See* Docket No.
9  11.  The court will address each filing.

10  **A.  Motion to Appoint Counsel**

11  The court denies plaintiff's motion to appoint counsel.  There is no constitutional right to counsel
12  in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See*
13  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th
14  Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds*
15  *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  Although the court "may request an attorney
16  to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1), the decision to request
17  counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court
18  and is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.
19  1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an
20  evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's
21  ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See*
22  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525.
23  As this court has already stated in its August 28, 2007 order denying plaintiff's motion to proceed in
24  forma pauperis, the actions taken by Judge Trumbull on which plaintiff's claims are based are acts
25  performed in her judicial capacity and for which she is absolutely immune from civil liability.  *See*
26  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Stump v. Sparkman*, 435 U.S. 349, 356-57
27  (1978).  On the same ground, the court finds that plaintiff's claim lacks the requisite merit to for the
28  court to request an attorney be appointed on his behalf.

### B.      Request for Admission

Plaintiff's September 6 filing entitled "Request for admission" appears to request the court to admit certain legal and factual statements set forth by the plaintiff.  This request is inappropriate.  Plaintiff has not yet paid his filing fee as required by this court's August 28, 2007, thus his case may not commence against any party.  On its own motion, the court thus strikes plaintiff's September 6 request for admission as premature and thus immaterial at this juncture.  *See* Fed. R. Civ. P. 12(f).

### C.      Request to Relate Cases

Plaintiff seeks to relate his previously filed cases, Harper v. Wieking, No. C-06-06320-RMW, Harper v. Catterson, No. C-06-02587-SI, Harper v. Wieking, No. C-04-04314-RMW.  Each of these three cases was dismissed with prejudice and is now closed.  Plaintiff's request to relate those cases is denied.

### D.      Request for Contingent Fee

September 13 filing entitled "Request for contingent fee" appears to request payment of fees to plaintiff "on grounds Plaintiff Has filed settlement and serviced on Defendant a copie [sic]."  It is not exactly clear to what plaintiff is referring, however, it appears that he may believe that this action has settled or that one or more of his prior actions have settled and that he is owed fees of some sort.  This is not so.

As set forth above, plaintiff also appears to include with the complaint in the instant action an offer to settle for $1 million if payment is made to him within 30 days.  This does not constitute a settlement in this action and plaintiff is owed nothing as a result of this "offer."  Further, although plaintiff filed documents entitled "Notice of Settlement" in both Harper v. Wieking, No. C-04-04314-RMW (*see* Docket No. 6 in that case) and Harper v. Wieking, No. C-06-06320-RMW (*see* Docket No. 2 in that case), neither of those documents constitute a settlement of either of those cases and no payment of any type is due to plaintiff or any other party thereunder.  All three of his previously-filed cases have been dismissed by the court and he has been awarded no costs, fees, or payments of any type in any of those closed cases.  Plaintiff is owed no fees in this or any of the previously-filed three cases.  Accordingly, plaintiff's "request for contingent fee" is denied.

### E. Request to Enlarge Time

Pursuant to Fed. R. Civ. P. 6(b), plaintiff asks the court to enlarge time for him to pay the filing fee. As set forth above, the court previously indicated that it would dismiss the action if plaintiff failed to pay the filing fee before October 1, 2007. Plaintiff asks that his time to pay the filing fee be enlarged to December 3, 2007. Plaintiff seems to believe that he will be receiving fees from one or more defendants in either the present action or one of the three actions he previously filed. As set forth above, each of those three cases was dismissed with plaintiff taking nothing by way of his complaint, therefore no fees or other monies will be paid to plaintiff in any of those actions. Nor, as discussed above, is any payment due under the present action. Therefore, the court sees no good cause to extend his time to pay the filing fee and dismisses the action for failure to pay the fee by the October 1, 2007 deadline specified in its August 28, 2007 order.

### F. Notice of Dismissal

Plaintiff filed a document entitled "Notice of dismissal" on September 13, 2007. It is unclear whether plaintiff intends to dismiss this action at this time or he intends his dismissal to be contingent upon some other action by the court. In any event, the notice of dismissal is unnecessary: the court has dismissed the action for failure to pay the filing fee.

### ORDER

For the reasons set forth above plaintiff's motions to appoint counsel, relate case, for contingent fees, and to enlarge time are denied. Plaintiff's request for admission is ordered stricken. Further, IT IS HEREBY ORDERED that the case is dismissed without prejudice for failure to pay the filing fee.

DATED:      10/9/07                             *Ronald M Whyte*
                                                RONALD M. WHYTE
                                                United States District Judge

**Notice of this document has been sent to:**

**Plaintiff:**

Paul A. Harper
P.O. Box 32621
Long Beach, CA 90832
PRO SE

**Defendant:**

No appearance

**Dated:**      10/9/07                              /s/ MAG
                                         **Chambers of Judge Whyte**

ORDER DENYING PLAINTIFF'S MOTIONS; DISMISSING CASE—C-07-04191 RMW
MAG                                        5